[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED OCTOBER 31, 1995
The above-captioned case was tried to the court and a memorandum of decision was issued on September 14, 1995. The plaintiffs have filed a request for correction and reconsideration of the judgment, to which defendants Mitchell Keszycki has objected. Defendant Keszycki has filed a motion for articulation.
In the 16-page memorandum of decision issued on September 14, this court discussed each of the claims of defective construction. Any claim as to which damages were not awarded was found by the court not to have been proven by a preponderance of the evidence, either because the item was not proven to have been defectively constructed or because credible proof was not adduced from which this court could determine the cost of repair or completion (see Memorandum or Decision pp. 5-6). Such failure of proof was the reason for not awarding damages as to the claim of uncompleted grading. This court made specific findings as to the cost to repair those defects that had been proven, however the plaintiffs have correctly noted that not all of these findings were included in the total adopted as the am amount of the judgment.
The elements of damages are as follows, as set forth in the findings:
Item 2 Adequacy of structural support $5,600.00
Item 3 Interior doors 1,450.00
Item 5 Nailing of roof shingles 100.00
Item 6 Securing island 100.00
Total $7,250.00
The court had also awarded attorney's fees in the amount of $5,700.00 based on a scrutiny of the number of hours expended and a reasonable billing rate, as set forth at page 16 of the Memorandum of Decision.
The judgment is hereby corrected to reflect that the correct total of all damages found to have been proven is $12,950.00 plus expert witness fees in the amount of $900.00 and statutory court costs. CT Page 12474
The plaintiffs object that judgment in some amount should have entered against Sherwood Forest, Inc. because a default had entered against that party, even though the construction contract was, on its face, not with that party. Though a default for failure to plead was entered against Sherwood Forest, Inc., by operation of P.B. § 363A, that default was set aside upon the filing of an answer by both defendants on June 15, 1995.
CONCLUSION
The judgment is corrected to reflect that the amount of damages found is $7,250.00, and the amount of counsel fees is $5,700.00, for a total judgment in the amount of $12,950.00 plus expert witness fees in the amount of $900.00 and statutory court costs to be assessed upon the filing of a bill of costs.
The defendant's motion for articulation is denied, as are all other requests in the plaintiffs' post-trial motion.
Beverly J. Hodgson Judge of the Superior Court